**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ASAD MUNYE, | : |
|     Plaintiff, | :   CIVIL ACTION NO. |
| | : |
|         v. | : |
| | : |
| ROADRUNNER SERVICES, LLC, DIRECT | : |
| AUCTION SERVICES, LLC, DAN MAGON | : |
| and AMERICAN AUTO AUCTION GROUP, | : |
| LLC d/b/a XLERATE GROUP, | : |
| | : |
|     Defendants. | : |

**AMERICAN AUTO AUCTION GROUP, LLC'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446(a), defendant American Auto Auction Group, LLC ( "American Auto, LLC"), incorrectly named in the Complaint as American Auto Auction Group, LLC d/b/a Xlerate Group, hereby removes the above-captioned case, which was filed in the Pennsylvania Court of Common Pleas, Dauphin County, Case No. 2024-CV-05492 ("State Court Action"), to the United States District Court for the Middle District of Pennsylvania. In support of removal, American Auto, LLC states as follows:

**A.    FACTS AND PARTIES**

1.    On August 15, 2024, Plaintiff Asad Munye ("Plaintiff") initiated this personal injury action against American Auto, LLC; Roadrunner Services, LLC ("Roadrunner, LLC"); Direct Auction Services, LLC ("Direct Auction, LLC"); and Dan Magon ("Mr. Magon"), by filing a Complaint in the State Court Action. (*See* generally Ex. A, Compl.; Ex. B, Civil Cover Sheet).

2.    This lawsuit stems from an incident that occurred on or around November 17, 2022 in which Plaintiff allegedly sustained injuries when he was struck by a vehicle operated by Mr. Magon, an employee/agent of Roadrunner, LLC and Direct Auction, LLC.  (Ex. A, Compl., ¶¶ 6-8).

3.    This incident allegedly occurred while Plaintiff was attending an automobile auction as an out-of-state buyer in Pennsylvania. (*Id*.)

4.    Plaintiff asserts negligence claims against American Auto, LLC; Roadrunner, LLC; Direct Auction, LLC; and Mr. Magon, seeking to recover against Roadrunner, LLC and Direct Auction, LLC for Mr. Magon's alleged negligence under the doctrine of *respondeat superior*. (*See generally id.*).

5.    Plaintiff's Complaint seeks recovery an amount in excess of $50,000 for his alleged injuries. (*See generally id*.).

6.    As required by 28 U.S.C. § 1446(a), American Auto, LLC has attached to this Notice as Exhibits A, B, and C, "a copy of all process, pleadings, and orders served[1] upon" it. These documents represent every document filed in the State Court Action at this juncture. (*See* Ex. A, Compl.; Ex. B, Civil Cover Sheet; Ex. C, EOA of Stephen Geduldig on behalf of all Co-Defendants; Ex. D, American Auto, LLC's Answer to Plaintiff's Complaint, Ex. E, EOA of William J. Conroy and Yasha K. Shahidi on behalf of American Auto; Ex. F, State Court Action Civil Docket Report).

7.    This case is properly removed to this Court under 28 U.S.C. § 1441 because American Auto, LLC has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction under 28 U.S.C. § 1332. Plaintiff is not a citizen of the same state as any Defendant, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**B.    DIVERSITY OF CITIZENSHIP IS SATISFIED**

8.    Complete diversity exists, and at all relevant times has existed, between the parties to this action.

---

[1] As set forth, *infra*, upon information and belief, at the time of this filing, American Auto, LLC is the only defendant that has been served with the Complaint and properly joined in the State Court Action.

9.      For diversity purposes, an individual is a citizen of the state in which he is domiciled. *See* 28 U.S.C. § 1332.

10.     As set forth in Plaintiff's Complaint, Plaintiff resides at 5387 Heckin Court, Columbus, Ohio; therefore, he is a citizen of Ohio. (*See* Ex. A, Compl. at ¶ 1).

11.     While the Complaint alleges that Mr. Magon "is an individual whose current address is unknown" (*see* Ex. A, Compl. at ¶ 4), a copy of Mr. Magon's driver's license from the time of the incident lists an address in Pennsylvania. (*See* Ex. G, Magon Driver's License). Based upon that information, Mr. Magon is a citizen of Pennsylvania but, to the best of American Auto, LLC's information and knowledge, has not been served with a copy of the summons and/or Complaint in the State Court Action.

12.     For purposes of diversity, "the citizenship of an LLC is determined by the citizenship of its members." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010); *State St. Rest. Grp., Inc. v. Cincinnati Cas. Co.*, No. 3:20-CV-816, 2021 WL 786013, at *3–4 (M.D. Pa. Feb. 10, 2021) (internal citation omitted); *Hallstead-Great Bend Joint Sewer Auth. v. McElwee Grp., LLC*, No. 3:16-CV-01467, 2016 WL 7188215, at *2 (M.D. Pa. Dec. 12, 2016) (quoting *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 348 (3d Cir. 2013)).

13.     Accordingly, to determine the citizenship of an LLC or other unincorporated entity, the Court "should look to the citizenship of the people or corporations who comprise it to determine if diversity jurisdiction exists." *Johnson*, 724 F.3d at 348; *Douglas v. Sw. Energy Prod. Co.*, No. CV 3:17-1830, 2019 WL 6173978, at *2 (M.D. Pa. Nov. 20, 2019); *Erie Ins. Exch. v. Midea Am. Corp.*, No. 3:16-CV-01037, 2016 WL 6948288, at *1 (M.D. Pa. Nov. 28, 2016).

14.     Defendant American Auto, LLC is an LLC whose sole member is AAAG, LLC ("AAAG, LLC "). (*See* Ex. H, Decl. of Laura Gretencord at ¶ 6).

3

15.    AAAG, LLC is a limited liability company, whose sole member is AAAG Holdings, Inc. (*Id*. at ¶ 7).

16.    AAAG Holdings, Inc. is incorporated under the laws of Delaware with its principal place of business in Indiana. (*Id*. at ¶ 8). AAAG Holdings, Inc. is therefore a citizen of Delaware and Indiana. (*Id*.)

17.    Because AAAG Holdings, Inc.'s citizenship determines the citizenship of American Auto, LLC, American Auto, LLC is a citizen of Delaware and Indiana. (*Id*. at ¶¶ 6-9).

18.    Defendant Roadrunner, LLC is a limited liability company whose sole members are David Nutter and Charles Rush, individuals who are domiciled in, and therefore citizens of, Tennessee and Georgia, respectively. (*See* Ex. I, Decl. of Dustin Nutter on behalf of Roadrunner at ¶¶ 6-8). Defendant Roadrunner, LLC is therefore a citizen of Tennessee and Georgia. (*See generally* Ex. I.)

19.    Defendant Direct Auction, LLC is a limited liability company whose sole member is David Nutter, an individual who is domiciled in, and therefore a citizen of, Tennessee. (*See* Ex. J, Decl. of Dustin Nutter on behalf of Direct Auction at ¶¶ 6-8).  Therefore, Direct Auction, LLC is a citizen of Tennessee.  (*See generally* Ex. J.)

20.    Because Plaintiff is a citizen of Ohio, while the named defendants are citizens of Delaware, Indiana, Tennessee, Pennsylvania, and Georgia, complete diversity exists among and between the parties.

## C.    THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

21.    The amount in controversy requirement of 28 U.S.C. § 1332 is satisfied.

22.     Under 28 U.S.C. § 1332(a), in a case where federal jurisdiction is based upon diversity of citizenship, the amount in controversy must exceed $75,000, exclusive of costs and interest.

23.     Where, such as here, the complaint does not specify the amount of damages sought, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (2014).

24.     To determine the amount in controversy, the Court should consider a "reasonable reading of the value of the rights being litigated" based on the allegations in the Complaint at the time of removal. *McCoy v. Progressive Ins. Co.*, 2020 WL 7056332 (citing *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 395, 397 (3d Cir. 2016)).

25.     Although Plaintiff does not quantify his exact damages, he seeks compensation in excess of the applicable Pennsylvania Arbitration Limits of $50,000. (*See generally* Ex. A, Compl.; *see also* Ex. B, Civil Cover Sheet).

26.     Plaintiff contends that he "sustained alleged painful and severe injuries to his body including a left foot crush injury and degloving: multiple fractures to the left foot, nerve damage, shock to the nerves and nervous system, and other injuries, some, or all of which may be permanent in nature and may have aggravated preexisting conditions, causing him great pain and suffering." (*See* Ex. A, Compl., at ¶ 9).

27.     Plaintiff further alleges that as a result of the incident, he "he was forced to incur liability for medical treatment, medications, hospitalizations, and care to restore himself to health" and will continue to incur "various sums of money for medical treatment, medications,

hospitalizations, and care for an indefinite time in the future, to his great detriment and loss." (*Id.* at ¶¶ 10-11).

28.     In addition, Plaintiff claims that "he has suffered a loss of his earnings and an impairment of his earning capacity and power, and may continue to suffer such a loss of income and/or impairment of earning capacity and power in the future . . ." (*Id.* at ¶¶ 13).

29.     Therefore, a fair reading of the Complaint and Plaintiff's pre-suit letter to American Auto, LLC establishes a reasonable probability that Plaintiff' is alleging damages in excess of $75,000, exclusive of costs and interest.

30.     Accordingly, the amount in controversy is satisfied, rendering this matter properly removable under 28 U.S.C. §§ 1332 and 1441(b).

**D.     PROCEDURAL REQUIREMENTS FOR REMOVAL**

31.     A Notice of Removal must be filed within 30 days of the defendant's receipt of the initial pleading. 28 U.S.C. § 1446(b).

32.     Since Plaintiff served American Auto, LLC on August 22, 2024, this removal is timely pursuant to 28 U.S.C. § 1446(b).

33.     In cases involving multiple defendants, "all defendants who have been properly joined ***and served*** must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A) (emphasis added).

34.     Upon information and belief, American Auto, LLC is the only named defendant who has been served in the State Court Action to date. (*See generally* Ex. A, Compl.; Ex. F, State Court Action Civil Docket Report).

35.     Nevertheless, Roadrunner, LLC and Direct Auction, LLC specifically consent to removal of this action to this Court. (*See* Ex. I, Decl. of Dustin Nutter on behalf of Roadrunner at ¶ 9; Ex. J, Decl. of Dustin Nutter on behalf of Direct Auction at ¶ 9).

36.     In addition, although named Defendant Magon is a citizen of Pennsylvania pursuant to the "forum-defendant rule," the Court may disregard his citizenship, because he has not been properly joined and served at the time of this removal.

37.     The forum-defendant rule provides "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined ***and served*** as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added).

38.     However, the Third Circuit has held that the "plain meaning [of the forum defendant rule] precludes removal on the basis of in-state citizenship ***only when*** the defendant has been properly joined and served." *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152 (3d Cir. 2018) (emphasis added), *reh'g denied* (Sept. 17, 2018); *see also In re Sorin 3T Heater-Cooler Sys. Prod. Liab. Litig.*, No. 1:21-CV-606, 2021 WL 5447098, at *3 (M.D. Pa. Nov. 22, 2021) (recognizing that the "plain text of Section 1441(b)(2) permits snap removals" and that a forum defendant defeats complete diversity only where the defendant has been properly *joined and served*) *see generally McCall v. Avco Corp.*, No. 4:18-CV-01350, 2019 WL 2004358, at *1 (M.D. Pa. May 7, 2019).

39.      Therefore, the presence of an in-state defendant does not prevent removal where that in-state defendant has not yet been properly served. *Encompass Ins. Co.*, 902 F.3d at 152; *In re Sorin*, 2021 WL 5447098 at *3; *McCall*, 2019 WL 2004358 at *1.

40.    Here, since Plaintiff is an Ohio citizen, removal is proper because complete diversity exists among the parties and Mr. Magon, the only forum defendant, has not yet been "properly joined and *served*" with Plaintiff's Complaint in the State Court Action. 28 U.S.C. § 1441(b)(2) (emphasis added); (*See* Ex. F, State Court Action Civil Docket Report). *See also Encompass Ins. Co.*, 902 F.3d at 152; *In re Sorin*, 2021 WL 5447098 at *3; *McCall*, 2019 WL 2004358 at *1.

41.    As such, this action is properly removed from the state court to this Court under 28 U.S.C. § 1441, because this Court has original jurisdiction over this action under 28 U.S.C. § 1332 and this Notice of Removal meets the requirements of 28 U.S.C. § 1446.

42.    This action is being removed to the United States District Court for the Middle District of Pennsylvania as the "district court for the district and division embracing the place where such action is pending" (Dauphin County, Pennsylvania). 28 U.S.C. § 1441(a).

43.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff's counsel and the named Defendants, and filed with the clerk of the Pennsylvania Court of Common Pleas, Dauphin County.

**WHEREFORE**, American Auto, LLC hereby removes this case to the United States District Court for the Middle District of Pennsylvania, respectfully requests that no further proceedings be had in the Pennsylvania Court of Common Pleas, Dauphin County, and requests such other and further relief as the Court deems just and proper.

**CAMPBELL CONROY & O'NEIL, P.C.**

By: */s/ Yasha K. Shahidi*
William J. Conroy, Esquire
Yasha K. Shahidi, Esquire
PA 36433; PA 322044
1205 Westlakes Drive, Suite 330
Berwyn, PA 19312
Tel.: 610-964-1900
Fax: 610-964-1981
Email: wconroy@campbell-trial-lawyers.com
        yshahidi@campbell-trial-lawyers.com
*Counsel for American Auto Auction Group, LLC*

Date: September 20, 2024

9

## CERTIFICATE OF SERVICE

I, Yasha K. Shahidi, Esquire, do hereby certify that a true and correct copy of *Defendant American Auto Auction Group, LLC Notice of Removal* was electronically filed and is available for viewing and downloading from the ECF system.  I also caused the foregoing *Notice of Removal* to be served upon all parties on September 20, 2024 via email and regular mail.

*/s/ Yasha K. Shahidi*
Yasha K. Shahidi, Esquire
PA 322044
**CAMPBELL CONROY & O'NEIL, P.C.**
*Counsel for American Auto Auction Group, LLC*