_____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Asad Munye                                                              :
               Plaintiff                  :     Case No.:  1:24-cv-01596-YK
                                             :
        v                                                         :
                                             :
Roadrunner Services, LLC, et al.                              :
                                             :
               Defendants                  :
                                             :

## DEFENDANTS, DIRECT AUCTION SERVICES, LLC, ROADRUNNER SERVICES, LLC and DAN MAGON's ANSWER TO PLAINTIFF'S COMPLAINT WITH NEW MATTER, CROSS CLAIM AND AFFIRMATIVE DEFENSES

NOW COMES, Stephen E. Geduldig, Esquire, Stephanie Hersperger, Esquire, and Pion, Nerone, Girman & Smith, P.C., as attorneys for Defendants, Direct Auction Services, LLC, Roadrunner Services, LLC, and Dan Magon, and files this, their Answer with New Matter, Cross Claim, and Affirmative Defenses as follows:

## ANSWER

1.     Denied.

2.     It is admitted that Defendant, Roadrunner Services, LLC, is a limited liability company existing under the laws of Tennessee, where its principal place of business is located as well.  It has a registered service address as stated.  To the extent of paragraph 2 of the Plaintiff's Complaint purports to aver additional facts, same are denied.

3.     Admitted.

4.     Admitted that Defendant, Dan Magon, is an adult individual.  To the extent that paragraph 4 of Plaintiff's Complaint purports to avert additional facts, same are denied.

5.      This is directed to Defendant other than Answering Defendants and no response is required.

6.      Admitted in part, denied in part.  It is admitted that on November 17, 2022, Plaintiff, Asad Munye, attended an auction conducted by American Auto Auction Group, LLC, at the Washington, Pennsylvania facility.  To the extent of paragraph 6 of Plaintiff's Complaint purports to aver additional facts, same are denied.

7.      Admitted in part, denied in part.  It is admitted that Defendant, Dan Magon, was an employee of Defendant, Roadrunner Services, LLC, and that he was operating a white pickup truck at or on the auction floor, on November 17, 2022, when Plaintiff, Asad Munye, walked out directly in front of the truck.  By way of further response, it is believed that Magon was under the direct supervision and control of American Auto Auction Group, LLC, while on its premises and engaging in auction services. To the extent that paragraph 7 of Plaintiff's Complaint purports to aver additional facts, same are denied.

8.      It is admitted that the truck driven by Defendant, Dan Magon, contacted Plaintiff, Asad Munye.  To the extent that paragraph 8 of the Plaintiff's Complaint purports to aver additional facts, same are denied.

9.      Denied.

10.     Denied.

11.     Denied.

12.     Denied.

13.     Denied.

## COUNT I

### Asad Munye v. Roadrunner Services, LLC

14.     No response is required as this is a paragraph incorporation.

15.     Admitted in part, denied in part. It is admitted that Magon was an employee of Roadrunner Services, LLC.  The remaining allegations of paragraph 15 of Plaintiff's Complaint are denied as legal conclusions. By way of further response, it is believed that Magon was under the direct supervision and control of American Auto Auction Group, LLC, while on its premises and engaging in auction services.

16.     16. (a) – (l).    Denied.

17.     Denied.

**WHEREFORE,** Defendant, Roadrunner Services, LLC, denies any liability to Plaintiff, and respectfully requests that your Honorable Court dismiss enter judgment in its favor and against the Plaintiff together with costs and attorneys' fees.

## COUNT II

### Asad Munye v Direct Auction Services, LLC

18.     No response is required as this is a paragraph incorporation.

19.     No response is required as these allegations are directed to other than Answering Defendants. If a response is required, it is admitted that Magon was an employee of Roadrunner Services, LLC.  By way of further response, it is believed that Magon was under the direct supervision and control of American Auto Auction Group, LLC, while on its premises and engaging in auction services.

20.     (a) - (l).        Denied.

21.     Denied.

**WHEREFORE,** Defendant, Direct Auction Services, LLC, denies any liability to Plaintiff, and respectfully requests that your Honorable Court dismiss enter judgment in its favor and against the Plaintiff together with costs and attorneys' fees.

## COUNT III

### Asad Munye v Dan Magon

22.    No response is required as this is a paragraph incorporation.

23.    (a) – (l).        Denied.

24.    Denied.

**WHEREFORE,** Defendant, Dan Magon, denies any liability to Plaintiff, and respectfully requests that your Honorable Court dismiss enter judgment in its favor and against the Plaintiff together with costs and attorneys' fees.

## COUNT IV

### Asad Munye v American Auto Auction Group, LLC, d/b/a Xlerate Group

25.    – 28. No response is required as these allegations are directed to other Answering Defendants.

## NEW MATTER

29.    Answering Defendants incorporate herein by reference, as if fully set forth at length, paragraphs 1 through 28 of their Answer to Plaintiff's Complaint.

30.     Plaintiff's claims are barred or limited by the provisions of the Pennsylvania Motor Vehicle Financial Responsibility Law.

31.    Plaintiff's alleged injuries, conditions, or damages may not have been caused by the alleged incident.

32.    Plaintiff may have failed to mitigate his alleged damages.

33. Some or all of Plaintiff's claims may be barred by the applicable statute of limitations.

34. Plaintiff fails to allege a cause of action against Defendants, Direct Auction Services, LLC, Roadrunner Services, LLC, and Dan Magon

35. Plaintiff fails to allege a cause of action against Defendants, Direct Auction Services, LLC, Roadrunner Services, LLC, and Dan Magon.

36. No act or omission on the part of the Defendants, Direct Auction Services, LLC, Roadrunner Services, LLC, and Dan Magon, caused or contributed to Plaintiff's alleged harm.

37. No act or omission on the part of Defendants, Direct Auction Services, LLC, Roadrunner Services, LLC, and Dan Magon, caused or contributed to Plaintiff's alleged harm.

38. Defendants, Direct Auction Services, LLC, Roadrunner Services, LLC, and Dan Magon do not owe a duty to Plaintiff.

39. Defendants, Direct Auction Services, LLC, Roadrunner Services, LLC, and Dan Magon do not breach a duty to the Plaintiff.

40. Plaintiff's claims may be barred or diminished by the Comparative Negligence Act.

41. Defendants, Direct Auction Services, LLC, Roadrunner Services, LLC, and Dan Magon, at all times hereto was acting reasonably under the circumstances, then and there existing.

42. Defendants, Direct Auction Services, LLC, Roadrunner Services, LLC, and Dan Magon, assert that this action may be barred by the doctrines of *res judicata* and/or collateral estoppel, which are asserted herein.

43. Plaintiff's negligence, carelessness and recklessness was a substantial factor and/or factual cause of the subject accident and Plaintiff's alleged injuries and damages.

44.     Plaintiff's negligence, carelessness and recklessness bars Plaintiff's recovery by operation of law.

**WHEREFORE,** Defendants, Direct Auction Services, LLC, Roadrunner Services, LLC, and Dan Magon, respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff together with all fees, costs, and any other relief this Honorable Court deems just and proper.

**CROSS CLAIM**

45.     Defendants, Direct Auction Services, LLC, Roadrunner Services, LLC, and Dan Magon, incorporate their responses to Paragraphs 1 through 44, above, as though the same were set forth at length herein.

46.     Pursuant to the provisions of Pa.R.C.P. 1031.1, Defendants, Direct Auction Services, LLC, Roadrunner Services, LLC, and Dan Magon, asserts that Defendant, American Auto Auction Group, LLC d/b/a Xlerate Group, is alone liable, or joint and severally liable or liable over to Defendants, Direct Auction Services, LLC, Roadrunner Services, LLC, and Dan Magon, on the cause of action averred in Plaintiff's Complaint, with said allegations being specifically denied and being incorporated by reference solely for purposes of this Cross Claim.

47.     Should it be determined that Defendants, Direct Auction Services, LLC, Roadrunner Services, LLC, and Dan Magon are liable to Plaintiff, which is and remains specifically denied, Defendants, Direct Auction Services, LLC, Roadrunner Services, LLC, and Dan Magon, is entitled to common law and/or contractual indemnity and/or contribution from Defendant, American Auto Auction Group, LLC d/b/a Xlerate Group.

**WHEREFORE**, Defendants, Direct Auction Services, LLC, Roadrunner Services, LLC, and Dan Magon, respectfully request that this Honorable Court enter judgment in their favor and

against Defendant, American Auto Auction Group, LLC d/b/a Xlerate Group, together with all fees, costs and any other relief this Honorable Court deems just and proper.

## AFFIRMATIVE DEFENSES

Defendants, Direct Auction Services, LLC, Roadrunner Services, LLC, and Dan Magon, incorporate herein by reference, as if fully set forth at length, Paragraphs 1 through 47 of their Answer to Plaintiff's Complaint.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to allege a cause of action against Defendant, Direct Auction Services, LLC.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff fails to allege a cause of action against Defendant, Roadrunner Services, LLC.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff fails to allege a cause of action against Defendant, Dan Magon.

## FOURTH AFFIRMATIVE DEFENSE

It is specifically denied that any act or omission on the part of Defendants, Direct Auction Services, LLC, Roadrunner Services, LLC, and Dan Magon, caused or contributed to any of Plaintiff's alleged harm.

## FIFTH AFFIRMATIVE DEFENSE

It is specifically denied that any act or omission on the part of Defendants, Direct Auction Services, LLC, Roadrunner Services, LLC, and Dan Magon, caused or contributed to any of Plaintiff's alleged harm.

## SIXTH AFFIRMATIVE DEFENSE

Defendants, at all times hereto, acted reasonably under the circumstances.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries and damages may be the result of preexisting conditions over which Defendants, Direct Auction Services, LLC, Roadrunner Services, LLC, and Dan Magon, had no control or a right of control.

### EIGHTH AFFIRMATIVE DEFENSE

Alternatively, Plaintiff's alleged damages were caused by intervening and superseding acts or omissions which relieve Defendants, Direct Auction Services, LLC, Roadrunner Services, LLC, and Dan Magon, of any liability.

### NINTH AFFIRMATIVE DEFENSE

To the extent applicable based upon facts developed during discovery, Defendants, Direct Auction Services, LLC, Roadrunner Services, LLC, and Dan Magon, raise Act of God as a complete and/or partial bar to any alleged liability.  Plaintiff's alleged injuries and damages may be a result of Acts of God.

### TENTH AFFIRMATIVE DEFENSE

The sudden emergency doctrine applies to the subject accident, with respect to Defendants, Direct Auction Services, LLC, Roadrunner Services, LLC, and Dan Magon, and therefore no cause of action lies against them.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages are the direct result of the negligence of Plaintiff, and his comparative negligence bars or limits his recovery, if any.

### TWELFTH AFFIRMATIVE DEFENSE

Defendants, Direct Auction Services, LLC, Roadrunner Services, LLC, and Dan Magon, claim all benefits, protections, thresholds, requirements and immunities afforded by the

Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. §1701, et. seq., and any amendments thereto, and/or any other similar law which may pertain to this matter.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by the doctrines of laches, release and/or waiver.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred and/or dismissed by the doctrines of res judicata and/or collateral estoppel.

WHEREFORE, Defendants, Direct Auction Services, LLC, Roadrunner Services, LLC, and Dan Magon, respectfully request that Plaintiff's Complaint be dismissed in its entirety and judgment entered in their favor.

Respectfully submitted,

**PION, NERONE, GIRMAN & SMITH, P.C.**

Date: 10/25/2024

_____

STEPHEN E. GEDULDIG, ESQUIRE
Attorney I.D. No. 43530

_____

STEPHANIE HERSPERGER
Attorney I.D. No. 78735

**Counsel for Defendants, Roadrunner Services, LLC, Direct Auction Services, LLC, and Dan Magon**

## **CERTIFICATION**

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Respectfully,

**PION, NERONE, GIRMAN
& SMITH, P.C.**

Date:  10/25/2024

_____
STEPHEN E. GEDULDIG, ESQUIRE
Attorney I.D. No. 43530

## CERTIFICATE OF SERVICE

I, Stephen E. Geduldig, Esquire, of the law firm of Pion, Nerone, Girman & Smith, P.C., counsel for Defendants, Roadrunner Services, LLC, Direct Auction Services, LLC, and Dan Magon, hereby state that a true and correct copy of the foregoing Answer to Plaintiff's Complaint with New Matter and Cross Claim and Affirmative Defenses, was served upon all parties *via electronic mail – only*, on this date as follows:

Michael J. O'Connor, Esquire
O'Connor Law
608 West Oak Street
P.O. Box 201
Frackville, PA  17931
P:  570-874-3300
E:  michaelj@o'connorlaw.com
*Counsel for Plaintiff*

Yasha K. Shahidi, Esquire
William J. Conroy, Esquire
Campbell Conroy & O'Neil, PC
1205 Westlakes Drive
Suite 330
Berwyn, PA  19312
P:  610-964-6380; 610-964-6387
E:  wconroy@campbell-trial-lawyers.com;
yshahidi@campbell-trial-lawyers.com
*Counsel for Defendant,*
*American Auto Auction Group, LLC*

**PION, NERONE, GIRMAN**
**& SMITH, P.C.**

Date:  10/25/2024                by:_____
STEPHEN E. GEDULDIG, ESQUIRE
Attorney I.D. No. 43530