**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ASAD MUNYE, | : | |
| Plaintiff | : | No. 1:24-cv-01596 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| ROADRUNNER SERVICES, LLC, | : | |
| DIRECT AUCTION SERVICES, LLC, | : | |
| DAN MAGON, and AMERICAN AUTO | : | |
| AUCTION GROUP, LLC d/b/a XLERATE | : | |
| GROUP, | : | |
| Defendants | : | |

## MEMORANDUM

Presently before the Court is Plaintiff Asad Munye ("Plaintiff")'s motion to remand the above-captioned action to the Dauphin County Court of Common Pleas on the basis that Defendant American Auto Auction Group, LLC[1] ("American Auto") failed to allege the necessary facts to invoke this Court's jurisdiction under 28 U.S.C. § 1441(a) in its notice of removal. (Doc. No. 7.) For the reasons that follow, the Court will grant Plaintiff's motion.

## I. BACKGROUND[2]

This personal injury action stems from injuries suffered by Plaintiff in Washington, Pennsylvania on November 17, 2022, when Defendant Dan Magon ("Magon"), an employee or agent of Defendants Roadrunner Services, LLC ("Roadrunner") and Direct Auction Services, LLC ("Direct Auction"), ran over Plaintiff's left foot and dragged Plaintiff forward several feet

---

[1] In its notice of removal, American Auto claims that it was incorrectly named as "American Auto Auction Group, LLC d/b/a Xlerate Group" in Plaintiff's complaint. (Doc. No. 1 at 1.)

[2] Unless otherwise stated, all factual allegations are taken from Plaintiff's complaint. (Doc. No. 1-1 at 5–13.)

while Plaintiff was attending an automobile auction conducted by American Auto.  (Doc. No. 1-1 at 6.)  Plaintiff's complaint maintains that he sustained:

> painful and severe injuries to his body including a left foot crush injury and degloving, multiple fractures to the left foot, nerve damage, shock to the nerves and nervous system, and other injuries, some, or all of which may be permanent in nature and may have aggravated preexisting conditions, causing him great pain and suffering.

(Doc. No. 1-1 at 6.)

Plaintiff subsequently initiated this action by filing a complaint in the Dauphin County Court of Common Pleas on August 14, 2024.  (Doc. Nos. 1 at 1; 1-1 at 2.)  Plaintiff's complaint alleges negligence claims against all Defendants.[3]  (Doc. No. 1-1 at 7–13.)  Plaintiff's complaint alleges that he resides in Ohio at 5387 Heckin Court, Columbus, Ohio.  (Id. at 5.)  As to the citizenship of Defendants, Plaintiff's complaint alleges the following: Roadrunner is a foreign limited liability company ("LLC") with a registered address of Cogency Global, Inc., 600 North 2nd Street, Harrisburg, Pennsylvania; Direct Auction is an LLC doing business in Pennsylvania; Magon is an adult individual whose current address is unknown; and American Auto is a "domestic business corporation" with a registered office address of Corporation Service Company, 2595 Interstate Drive, Suite 103, Harrisburg, Pennsylvania.  (Id. at 5–6.)  On September 11, 2024, American Auto filed an answer to Plaintiff's complaint in the Dauphin County Court of Common Pleas.  (Doc. No. 1-4.)

---

[3]  Plaintiff's complaint avers that, under the doctrine of respondeat superior, Roadrunner and Direct Auction are liable for "any and all acts or omissions" by Magon as their employee and/or agent.  (Doc. No. 1-1 at 7–10.)  The complaint also claims that, "as a direct and proximate result of the causal negligence and carelessness" of Magon and American Auto, Plaintiff was injured and sustained damages.  (Id. at 10–12.)

Before service of Plaintiff's complaint on the remaining named defendants in this matter, American Auto filed a notice of removal with this Court on September 20, 2024, asserting diversity subject matter jurisdiction. (Doc. No. 1 at 1–2.) American Auto avers that diversity of citizenship is satisfied because Plaintiff is not a citizen of the same state as any Defendant (complete diversity),[4] and the amount in controversy exceeds $75,000, exclusive of interest and costs. (Id. at 2.) Plaintiff timely filed a motion to remand the case to the Dauphin County Court of Common Pleas on October 21, 2024 pursuant to 28 U.S.C. § 1447 (Doc. No. 7), as well as a brief in support (Doc. No. 8). On October 25, 2024, Plaintiff also filed an acknowledgement of service on behalf of Roadrunner, Direct Auction, and Magon. (Doc. No. 9.) On November 4, 2024, American Auto filed a brief in opposition to Plaintiff's motion. (Doc. No. 13.) That same

---

[4] In its notice of removal, American Auto contends that it is a citizen of Delaware and Indiana because: (1) American Auto is an LLC existing under the laws of Delaware, whose sole member is AAAG, LLC; (2) AAAG, LLC is an LLC existing under the laws of Delaware, whose sole member is AAAG Holdings, Inc.; (3) AAAG Holdings, Inc. is incorporated in Delaware with its principal place of business in Indiana; and (4) AAAG Holdings, Inc. is neither a resident of Pennsylvania or Ohio, and does not maintain a principal place of business within Pennsylvania or Ohio. (Doc. Nos. 1 at 2–4; 1-8 at 2–3 (Declaration of Laura Gretencord, Senior Corporate Counsel of American Auto)).

American Auto also asserts that Magon is a citizen of Pennsylvania, Roadrunner is a citizen of Tennessee and Georgia, and Direct Auction is a citizen of Tennessee. See (Doc. No. 1 at 3–4). In support of its contention as to Magon's citizenship, American Auto attaches a copy of Magon's Pennsylvania driver's license. (Doc. No. 1-7 at 2.) As to Direct Auction, American Auto attaches the declaration of Dustin Nutter, CFO of Direct Auction, who declares that Direct Auction is an LLC existing under the laws of Tennessee and Direct Auction's only member, David Nutter, is domiciled in Tennessee. (Doc. No. 1-10 at 2–3.) As to Roadrunner, American Auto provides another declaration of Dustin Nutter, also identified as the CFO of Roadrunner, who avers that Roadrunner is a limited liability company existing under the laws of Tennessee and with a principal place of business in Tennessee. (Doc. No. 1-9 at 2–3.) Dustin Nutter states that Roadrunner's two members are David Nutter and Charles Rush, who are domiciled in Tennessee and Georgia, respectively. (Id. at 3.) However, in its brief in opposition to the motion to remand, American Auto notes that one of Roadrunner's members moved to a different state, making Roadrunner a citizen of Tennessee and Alabama. See (Doc. No. 13-2 at 4 n.5) (citing Doc. No. 13-3 at 7–8 (Supplemental Declaration of Dustin Nutter)).

day, Roadrunner, Direct Auction, and Magon jointly filed a brief in opposition to Plaintiff's motion wherein they fully incorporate American Auto's brief in opposition.  (Doc. No. 14.) Plaintiff filed a reply brief on November 19, 2024.  (Doc. No. 16.)  Having been fully briefed, the motion is now ripe for disposition.[5]

## II.    LEGAL STANDARD

Removal by a defendant is appropriate in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  See 28 U.S.C. § 1441(a).  "The propriety of removal thus depends on whether the case originally could have been filed in federal court."  City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163 (1997).  A removed action must be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."  See 28 U.S.C. § 1447(c).  Moreover, 28 U.S.C. § 1441 is to be "strictly construed against removal."  See Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990).  Accordingly, all doubts must be resolved in favor of remand.  See id.

When removal is based on diversity of citizenship, the removing party must be able to demonstrate complete diversity of citizenship between parties and that the amount in controversy exceeds $75,000.  See 28 U.S.C. § 1332.  To establish complete diversity, "no plaintiff can be a citizen of the same state as any of the defendants."  See Johnson v. Smithkline Beecham Corp., 724 F.3d 337, 346 (3d Cir. 2013).  However, "[i]n a suit with named defendants who are not of diverse citizenship from the plaintiff, the diverse defendant may still remove the action if it can establish that the non-diverse defendants were 'fraudulently' named or joined solely to defeat

---

[5]  While briefing on Plaintiff's motion was ongoing, on October 28, 2024, Roadrunner, Direct Auction, and Magon filed an answer to Plaintiff's complaint with a crossclaim against American Auto.  (Doc. No. 10.)  American Auto subsequently filed an answer to Roadrunner, Direct Auction, and Magon's crossclaim on November 18, 2024.  (Doc. No. 15.)

diversity jurisdiction."  <u>See</u> <u>In re Briscoe</u>, 448 F.3d 201, 216 (3d Cir. 2006).  Importantly, "the person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of the litigation."  <u>See</u> <u>Packard v. Provident Nat. Bank</u>, 994 F.2d 1039, 1045 (3d Cir. 1993).

## III.    DISCUSSION

As discussed <u>supra</u>, American Auto removed this action to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332.  (Doc. No. 1 at 2.)  In response, Plaintiff's motion to remand alleges that American Auto has "improvidently removed this case without sufficient factual basis to invoke this Court's original jurisdiction under 28 U.S.C. § 1332(a)(1)."  (Doc. No. 7 ¶ 6.)

### A.    Arguments of the Parties

Plaintiff claims that this case was improperly removed by American Auto because American Auto did not "adequately plead, and cannot factually prove, the existence of diversity of citizenship" under 28 U.S.C. § 1332(a)(1).  <u>See</u> (Doc. No. 8 at 3–5) (quoting <u>Kersetter v. Ohio Cas. Ins. Co.</u>, 496 F. Supp. 1305, 1307 (E.D. Pa. 1980).  Plaintiff states that "in order to establish that Plaintiff is a citizen of Ohio, Defendant American Auto must first plead and then establish that Plaintiff was both a citizen of the United States and domiciled in Ohio at the time that the complaint was filed and at the time that the case was removed."  (<u>Id.</u> at 6.)  He argues that American Auto fails to sufficiently plead Plaintiff's citizenship and thus fails to demonstrate that this Court has jurisdiction because American Auto improperly relies on Plaintiff's <u>residence</u> in Ohio to ascertain his citizenship.  (<u>Id.</u> at 6, 10.)  Plaintiff then posits that American Auto "clearly did not undertake sufficient efforts to discover if this case could be properly removed," and could have utilized the discovery process at the state level to determine whether removal was

appropriate. (Id. at 11.) Plaintiff also questions Roadrunner's citizenship in a footnote that

appears in both its motion and supporting brief:

> it appears as if Defendant American Auto has not identified the names and
> citizenships of every member of Defendant Roadrunner. A 2024 Annual Report
> filed with the Idaho Secretary of State suggests that Defendant Roadrunner has
> three (3) members. (See [Doc. No. 7-3 at 83], Roadrunner Services LLC 2024
> Annual Report Idaho). Yet, the Notice of Removal only identifies the names and
> citizenships of two (2) members. ([Doc. No. 7-3 at 21] ¶ 18). This is yet another
> basis on which this Honorable Court may remand this case. A removing
> defendant's failure to identify and establish the citizenship of every member of an
> unincorporated entity "makes it impossible for the Court to establish complete
> diversity," creating a "doubt as to whether such complete diversity exists" which
> "must be resolved in favor of remand." CNX Gas Co. v. Lloyd's of London, 410
> F. Supp. 3d 746, 756 (W.D. Pa. 2019) (citing Samuel-Bassett [v. KIA Motors Am.,
> Inc.], 35[7] F.3d [392,] 403 [3d Cir. 2004)]).

(Doc. Nos. 7 at 8–9 n.1; 8 at 11–12 n.4.) Plaintiff elaborates on this argument in his reply brief,

claiming that "[a] court cannot credit a declaration that merely conclusively states alleged

members of an LLC when government and business records contradict the declaration." (Doc.

No. 16 at 3.) Plaintiff posits that the declarations submitted by American Auto in support of its

notice of removal are in direct conflict with government records produced by Plaintiff. (Id.)

Plaintiff attaches filing information from the Tennessee Department of State that shows that

Direct Auction has four (4) members and Roadrunner has three (3) members, as well as "filing

information from North Carolina, Kentucky, Florida, and Utah shows that Defendant Roadrunner

has three (3) members." See (id. at 3–4) (citing Doc. Nos. 16-2–16-3). However, Plaintiff also

attaches filing information from Nevada that lists Roadrunner as having four (4) members. See

(id.) (citing Doc. No. 16-3 at 11–12). Plaintiff also argues that the declarations of Dustin Nutter

are suspect by attaching a copy of Roadrunner's website which shows that David, not Dustin,

Nutter is the CFO of Roadrunner. See (id. at 4) (citing Doc. No. 16-4).

6

In response, American Auto, and the remaining Defendants,[6] argue that Plaintiff "cannot avoid a valid removal by now disputing information he knows to be true, which he simply failed to include in his own [c]omplaint." (Doc. No. 13-2 at 2.) American Auto claims that a complaint's identification of only the plaintiff's residency—instead of citizenship—does not preclude removal based on diversity jurisdiction. (Id.) American Auto claims that it sufficiently established Plaintiff's United States and Ohio citizenship status based on the face of the complaint, which "provided every reasonable indication that he was domiciled in Ohio and thus a citizen of Ohio." (Id. at 5.) American Auto attaches copies of Plaintiff's Ohio Driver's License and confirmation of Plaintiff's voter registration status in the State of Ohio as further proof of Plaintiff's citizenship. See (id. at 6–7) (citing Doc. No. 13-3 at 3, 5). American Auto contends that Plaintiff "provides nothing more than a bare challenge to American Auto's proofs, which American Auto has now supplemented." (Id. at 7.) To the extent that the Court "finds any technical deficiency existed at the time of removal," American Auto maintains that the factual record supports removal and that the Court can find such defect curable. (Id. at 8.) As to Plaintiff's argument that American Auto failed to identify the third member of Roadrunner, American Auto asserts that it correctly identified Roadrunner's two sole members—neither of whom is a resident of Pennsylvania or Ohio—and attaches a supplemental declaration of Dustin Nutter confirming that Roadrunner has only two members. See (id. at 9) (citing Doc. No. 13-3 at 7–8) (Supplemental Declaration of Dustin Nutter)). American Auto remarks that "any inquiry into the citizenship of Dustin Nutter—though irrelevant given his non-member status—is

---

[6] As noted supra, Roadrunner, Direct Auction, and Magon's brief in opposition fully incorporated American Auto's brief in opposition. (Doc. No. 14.)

fruitless, as Dustin Nutter is domiciled in the State of Tennessee" and therefore, "even if he were a member of Roadrunner, which he is not, his citizenship would not defeat diversity." (Id. at 10.)

### B.    Analysis

In removing the instant action to this Court, American Auto must demonstrate that this Court has original jurisdiction under 28 U.S.C. § 1441(a).  Section 1441(a) provides as follows:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

See 28 U.S.C. § 1441(a).  Accordingly, Section 1441(a) permits removal only of cases for which the district court has "original jurisdiction."  Section 1332 grants jurisdiction to a district court with regard to "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States."  See 28 U.S.C. § 1332(a).  The statute requires complete diversity among the parties, which means that no defendant can be a citizen of the same state as any plaintiff.  See Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010) (citing Exxon Mobil Corp. v. Allapattah Servs. Inc., 545 U.S. 546, 553 (2005)).

As discussed supra, "[d]iversity of citizenship must have existed at the time of the complaint was filed and the time of removal and the burden is on the removing party to establish federal jurisdiction."  See Johnson, 724 F.3d at 346 (internal citations omitted).  "For purposes of determining citizenship, [a] natural person is deemed to be a citizen of the place where he is domiciled."  Witchey v. First Gold Buyers, Inc., No. 16-cv-02312, 2017 WL 1550039, at *3 (M.D. Pa. May 1, 2017) (internal quotations omitted); see also Lincoln Ben. Life Co. v. AEI Life, LLC, 800 F. 3d 99, 104 (3d Cir. 2015) (stating that "[a] natural person is deemed to be a

citizen of the state where he is domiciled").  However, the Court notes that "[t]he terms 'resident' and 'citizen' are not interchangeable for diversity purposes and have distinct definitions under the law."  See Boldrini v. Luzerne County, No. 21-cv-02005, 2022 WL 1518906, at *3 (M.D. Pa. Feb. 24, 2022).

### 1.    Plaintiff's Citizenship

As the removing party, American Auto "bears the burden of showing that the action is properly in federal court, and in the event the complaint fails to allege facts supporting diversity of citizenship, [American Auto] must do so in its notice of removal."  See Cassell v. Little, No. 21-cv-00499, 2021 WL 1837647, at *3 (M.D. Pa. May 7, 2021).  Here, Plaintiff does not dispute that he is a resident and citizen of Ohio, and asserts only that American Auto did not sufficiently plead his citizenship.  See (Doc. Nos. 7–8).  In its notice of removal, American Auto pleads that "Plaintiff resides at 5387 Heckin Court, Columbus, Ohio; therefore, he is a citizen of Ohio." (Doc. No. 1 ¶ 10.)  This is not sufficient to establish citizenship for diversity purposes.  See Lincoln v. Magnum Land Servs., LLC, No. 12-cv-00576, 2012 WL 1144658, at *2 (M.D. Pa. Apr. 5, 2012) (stating that "residence is not the same as domicile").  The analysis is case-specific, but "courts have looked to certain factors, including state of employment, voting, taxes, driver's license bank accounts and assets, and civic and religious associations in determining the citizenship of an individual."  See Abuhouran v. Kaiserkane, Inc., No. 10-cv-02281, 2010 WL 5300885, at *3 (M.D. Pa. Nov. 29, 2010).  "More generally, the court must locate the center of one's business, domestic, social and civic life."  Washington v. Hovensa LLC, 652 F.3d 340, 344 (3d Cir. 2011) (internal citations and quotations omitted).

"When a defendant removes a case based on diversity of citizenship, however, courts are permitted to look to materials outside the pleadings, includ[ing] documents appended to a notice

of removal or a motion to remand that convey information essential to the court's jurisdictional analysis." Gosch v. Int'l Chapter of Horseshoers & Equine Trades, Loc. 947, 200 F. Supp. 3d 484, 491 (M.D. Pa. 2016) (internal quotations omitted).  In connection with its brief in opposition to the motion to remand, American Auto attaches copies of Plaintiff's Ohio driver's license and confirmation of Plaintiff's voter registration status in the State of Ohio to prove that Plaintiff is domiciled in Ohio. See (Doc. No. 13-3 at 3, 5).  This evidence demonstrates that Plaintiff is domiciled in Ohio for diversity purposes.  See York Grp., Inc. v. Pontone, No. 10-cv-01078, 2012 WL 3127141, at *9 (W.D. Pa. July 31, 2012) (stating that, "[i]n establishing the predicate jurisdictional facts, a court is not restricted to the face of the pleadings, but may review evidence extrinsic to the pleadings, including affidavits and deposition testimony").  Although American Auto provides documentation to demonstrate that Plaintiff is domiciled in Ohio, American Auto's notice of removal as currently filed equates Plaintiff's residence in Ohio to citizenship in Ohio. See (Doc. No. 1 ¶ 10).

In USX Corp v. Adriatic Ins. Co., 345 F.3d 190 (3d Cir. 2003), the Third Circuit observed that the Supreme Court of the United States has upheld removal "where jurisdictional facts required to support the removal were found in later-filed affidavits rather than in the notice of removal."  See USX Corp., 345 F.3d at 205 n.12 (referencing Willingham v. Morgan, 395 U.S. 402, 407 n.3 (1969)).  "[T]o the extent that the jurisdictional allegations in [American Auto]'s removal notice are deficient, they are only technically so."  Xia Zhao v. Skinner Engine Co., No. 11-cv-07514, 2012 WL 1758145, at *2 (E.D. Pa. May 16, 2012).  On that basis, "amendment, rather than remand, is appropriate."  See id. (quoting Ellerbee v. Union Zinc, Inc., 881 F. Supp. 162, 164–65 (E.D. Pa. Mar. 24, 1995)).  "If the jurisdictional error is simply a technical error in the notice, '[d]efective allegations of jurisdiction may be amended, upon terms,

in the trial or appellate courts.'" <u>Steele v. State Farm Mut. Auto. Ins. Co.</u>, No. 17-cv-00004, 2017 WL 590276, at *2 (M.D. Pa. Feb. 14, 2017) (quoting 28 U.S.C. § 1653). "Section 1653 gives both district and appellate courts the power to remedy inadequate jurisdictional allegations, but not defective jurisdictional facts." <u>USX Corp.</u>, 345 F.3d at 204. The Third Circuit stated that "amendments to removal notices may be permitted so long as the amendments 'merely clarify (or correct technical deficiencies in) the allegations already contained in the original notice.'" <u>See</u> <u>A.S. ex rel. Miller v. SmithKline Beecham Corp.</u>, 769 F.3d 204, 214 (3d Cir. 2014) (quoting <u>USX Corp.</u>, 345 F.3d at 205 n.12).

The Court may consider jurisdictional facts contained in the record and treat them as amendments to the notice of removal, and American Auto has produced convincing evidence that Plaintiff is a resident and citizen of Ohio. Because American Auto must demonstrate the citizenship of all parties in order to establish grounds for diversity jurisdiction, the Court now turns to the parties' second point of contention, the citizenship of Roadrunner and Direct Auction.

## 2.    Roadrunner and Direct Auction's Citizenship

Plaintiff's second argument (mentioned in two footnotes and his reply brief) concerns the citizenship of Roadrunner and Direct Auction. <u>See</u> (Doc. Nos. 7 at 8–9 n.1; 8 at 11–12 n.4; 16 at 3–5). The parties agree that Roadrunner and Direct Auction are LLCs—meaning that they are composed of members—but the parties dispute how many members comprise each LLC. <u>Compare</u> (Doc. Nos. 7 at 8–9 n.1; 8 at 11–12 n.4; 16 at 3–5 with Doc. Nos. 1 at 4; 13-2 at 2 n.2).

As discussed by the Third Circuit, an LLC is unlike a corporation because:

> unincorporated associations such as partnerships "are not considered 'citizens' as that term is used in the diversity statute." Instead, "the citizenship of partnerships and other unincorporated associations is determined by the citizenship of [their] partners or members." The state of organization and the principal place of business

of an unincorporated association are legally irrelevant. "Accordingly, the citizenship of an LLC is determined by the citizenship of its members." For complete diversity to exist, all of the LLC's members "must be diverse from all parties on the opposing side."

See Lincoln Ben. Life Co., 800 F.3d at 104–05 (footnotes omitted). When an LLC removes an action based on diversity jurisdiction, "it must plead the citizenship of each of its members." See Weiss v. Friedman, No. 20-cv-03671, 2020 WL 5501314, at *2 (E.D. Pa. Sept. 11, 2020) (citing Lincoln Ben. Life Co., 800 F.3d at 108 n.36). An LLC "is a citizen of any state in which its members are citizens." See VICI Racing, LLC v. T-Mobile USA, Inc., 763 F.3d 273, 282 (3d Cir. 2014).

As noted supra, in order to establish diversity of citizenship, Plaintiff must be diverse from Defendants (no Defendant can be a citizen of the same state as Plaintiff). As to Roadrunner, American Auto claims that it has two members—David Nutter and Charles Rush—who are domiciled in Tennessee and Georgia, respectively. See (Doc. No. 1 at 4) (citing Doc. No. 1-9 (Declaration of Dustin Nutter)). In connection with its brief in opposition to the instant motion, American Auto filed a supplemental declaration of Dustin Nutter, wherein Dustin Nutter avers that he is not a member of Roadrunner and that the Idaho Department of State filing incorrectly identifies him as a member of Roadrunner. (Doc. No. 13-3 at 7–8.) He also claims that he is domiciled in Tennessee. (Id. at 8.) In connection with his reply brief, Plaintiff provides government records reflecting that Roadrunner has three (3) members (David Nutter, C. David Rush, and Dustin Nutter) in some states and four (4) members (David Nutter, C. David Rush, Dustin Nutter, and Jack Garrett) in another.[7] As to Direct Auction, American Auto claims

---

[7] As noted supra, Plaintiff provides the filing information from the North Carolina, Kentucky, Florida, and Utah Departments of State that show that Roadrunner has three (3) members. (Doc. Nos. 16-2, 16-3.) The Nevada Department of State lists Roadrunner as having four (4) members. (Doc. No. 16-3 at 11–12.) Plaintiff also attaches a copy of Roadrunner's website which shows

that its sole member is David Nutter and that David Nutter is domiciled in Tennessee.  <u>See</u> (Doc. No. 1) (citing Doc. No. 1-10 (Declaration of Dustin Nutter)).  Plaintiff attaches filing information from the Tennessee Department of State showing that Direct Auction has four (4) members.  <u>See</u> (Doc. No. 16-2 at 2-3).

In assessing the pending motion, the Court may take judicial notice of and consider public records.  <u>See</u> <u>Schmidt v. Skolas</u>, 770 F.3d 241, 249 (3d Cir. 2014) (stating that a court may take judicial notice of matters of public records).  Public records include "letter decisions of government agencies" and "published reports of administrative bodies."  <u>See</u> <u>Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.</u>, 998 F.2d 1192, 1197 (3d Cir. 1993); <u>see also</u> <u>United States v. CAMCO Mgmt., Inc.</u>, No. 18-cv-04293, 2021 WL 289226, at *4 (E.D. Pa. Jan. 28, 2021) (stating that state business registration records are public records).

"One's testimony as to his intention to establish a domicile, while entitled to full and fair consideration, is subject to the infirmity of any self-serving declaration."  <u>Korn v. Korn</u>, 398 F.2d 689, 691 (3d Cir. 1968).  A self-serving declaration cannot establish domicile "when it is contradicted or negatived by an inconsistent course of conduct."  <u>See</u> <u>id.</u> at 691 n.4; <u>see also</u> <u>Szumera v. Marder</u>, No. 19-cv-00055, 2019 WL 3454096, at *2–*3 (M.D. Pa. July 31, 2019) (recognizing that a district court may discredit a declaration that is contradicted by other documents).

The Court credits the public records provided by Plaintiff in order to determine the citizenship of the parties.  <u>See</u> <u>Szumera</u>, 2019 WL 3454096, at *3 (crediting documentation that contradicted the moving party's declaration).  First, as to Roadrunner, even assuming that

---

that <u>David</u> Nutter, not Dustin Nutter, is the current CFO of Roadrunner.  <u>See</u> (Doc. No. 16 at 4) (citing Doc. No. 16-4).

American Auto has adequately asserted the citizenship status of Dustin Nutter, David Nutter, and Charles Rush,[8] American Auto does not assert the existence and citizenship status of Jack Garrett, the fourth member of Roadrunner identified in the Nevada Department of State filing, to adequately plead diversity.  Second, as to Direct Auction, although Plaintiff's attachment does not list the names of the members, the existence of a government record stating that Direct Auction has four (4) members instead of just one (1) creates doubt as to the citizenship of Direct Auction.  See CNX Gas Co., 410 F. Supp. 3d at 756 (finding that failure to identify the citizenship of all parties "creates substantial doubt as to whether such complete diversity exists"). As noted supra, it is American Auto's burden to prove the citizenship of all members.  See Packard v. Provident Nat. Bank, 994 F.2d at 1045 (holding that "the person asserting jurisdiction bears the burden of showing that the case is properly before the court").  American Auto does not provide a further explanation as to the discrepancy between Dustin Nutter's declarations and the government records beyond Dustin Nutter's claim that that the Idaho Secretary of State incorrectly identified him as a member of Roadrunner.  (Doc. No. 13-3 at 8.)

The fact that American Auto's declarations are in direct conflict with the state government records provided by Plaintiff—specifically as to the membership of Roadrunner and Direct Auction as LLCs—creates doubt as to whether complete diversity exists and "this doubt must be resolved in favor of remand."  See CNX Gas Co., 410 F. Supp. 3d at 756.  This error is more than a technical error, like the pleading of Plaintiff's citizenship as discussed supra, because American Auto fails to adequately plead the citizenship, and identities, of multiple members of Roadrunner and Direct Auction.  Because such doubt must be resolved in favor of

---

[8]  The Court assumes that C. David Rush refers to Charles Rush for purposes of this analysis. See (Doc. No. 16-4 at 12).

remand,[9] the Court will grant the motion to remand this case to the Dauphin County Court of Common Pleas.[10]

IV.    **CONCLUSION**

For the foregoing reasons, the Court will grant Plaintiff's motion to remand.  An Order consistent with this Memorandum follows.

 s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania

---

[9]  As discussed supra, all doubt "must be resolved in favor of remand" because the removal statute is strictly construed.   See Samuel-Bassett, 357 F.3d at 403; see also Boyer, 913 F.2d at 111 (stating that 28 U.S.C. § 1441 is to be "strictly construed against removal").

[10]  The Court notes that American Auto requests oral arguments on Plaintiff's motion to remand (Doc. No. 13-2 at 3); however, the Court concludes that oral argument is unnecessary.